### In re BELL ENGRAVING CO., Inc.

(District Court, E. D. Pennsylvania. May 26, 1914.)

#### No. 3977.

BANKRUPTCY (§ 345*)—CLAIMS AGAINST ESTATE—PAYMENTS BY BANKRUPT—APPLICATION.

Where it was agreed between the bankrupt and its landlord that a counter indebtedness of the landlord to the bankrupt should be applied as it arose to other indebtedness of the bankrupt to the landlord, it would be so applied, regardless of the fact that such application left a larger claim due the landlord for rent, which was entitled to priority.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 531, 532, 534, 539, 540; Dec. Dig. § 345.*]

In Bankruptcy. In the matter of bankruptcy proceedings of the Bell Engraving Company, Incorporated. On certificate of the referee to review an order for the payment to H. H. Pakradooni of $1,131.84 as a preferred rent claim. Affirmed.

Norman W. Harker and Francis C. Adler, both of Philadelphia, Pa., for landlord.

George H. Stein and William B. Linn, both of Philadelphia, Pa., for objecting creditor.

DICKINSON, District Judge. This case was presented to us under a misnomer. The question, as is clearly shown by the learned referee's report, is not whether the landlord's claim for rent has, under the facts of this case and the law applicable thereto, priority of payment, but whether there was in fact any rent due and payable. Its priority of payment, if owing, or, in other words, the preference in payment accorded to it, is conceded. What is denied is that any rent is owing. It is further admitted that the sum claimed is owing to the landlord. The only question is whether this sum is owing on a rent account which by law has priority in payment, or whether it is owing on another account to which the incident of preference in payment does not attach.

Priority in payment is merely the result of a decision of the other question in favor of the landlord. In itself there is no question either raised or possible. Whether any rent is owing would, at the most, be a question of application of payments under the well-known rules pertaining to that subject in Pennsylvania. This would be, if it arose

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

here, in some of its aspects a legal question. Under the conditions of this case, neither it nor any legal question arises. The only possible question which could arise is one of the correctness of the findings of the referee upon a pure question of fact, which was to be determined upon the testimony of the witnesses and evidence in the form of what might be called bookkeeping entries, which were submitted to and inspected and analyzed by him.

Under all the evidence, oral and documentary, the referee has found that the parties, when competent to contract, agreed for mutual good considerations that the so-called payments, which were in reality a counter indebtedness of the landlord to the bankrupt, should be applied as it arose to the other indebtedness of the bankrupt to the landlord. This fact (unless the finding is overturned) admittedly leaves the rent claim unpaid. Nothing has been shown to the court to justify the disturbance of the finding.

The findings of the referee are therefore approved, and the order made by him affirmed.